USDC SONY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/15/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN CARFAGNO, derivatively on behalf of CENTERLINE HOLDING COMPANY,<br><br>          Plaintiff,<br><br>   v.<br><br>MARC D. SCHNITZER, *et al.*,<br><br>          Defendants. | 08-CV-00912-SAS |
| TONY BROY, derivatively and on behalf of Nominal Defendant CENTERLINE HOLDING COMPANY,<br><br>          Plaintiff,<br><br>   v.<br><br>JEFF T. BLAU, *et al.*,<br><br>          Defendants. | 08-CV-01971-SAS |

## [PROPOSED] PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), IT IS HEREBY ORDERED that the following provisions shall govern disclosure and use by the undersigned parties of "Confidential Information", including documents, testimony, and other information that is produced or given by any person in the course of discovery in this action.

1.   The term "Information" as used herein shall include any document, deposition testimony, electronic data, interrogatory response, response to requests for admissions, or other information disclosed or produced by or on behalf of a party (or any of its attorneys or other agents), or by or on behalf of a non-party (or any of its attorneys or other agents).

2.      For purposes of this Protective Order, the term "Confidential Information" means any information that is produced or disclosed in this action, whether oral or in documentary, electronic, or other tangible form, which constitutes sensitive commercial, financial or business information, the public disclosure of which may adversely affect the commercial, business or financial position of the producing party or the person or entity from which such material was obtained, and is of the type protected under Fed. R. Civ. P. 26(c).

3.      Subject to the terms set forth in Paragraph 4, Plaintiffs, their counsel and non-parties bound by this Protective Order may not use or disclose Information produced by Defendants or third parties pursuant to this Order, in connection with, or in the course of, any other litigation including, without limitation, *In re Centerline Holding Company Securities Litigation*, 08-CV-00505-SAS (S.D.N.Y.) and *Brian Quill v. Centerline Holding Co., Inc., et al.*, 08-CV-01902-DAB ("*Quill*") ("Securities Actions"), so long as the Securities Actions are subject to the automatic discovery stay mandated by the Public Securities Litigation Reform Act ("PSLRA"); in the event the PSLRA stay is lifted, Information may be disclosed in the Securities Actions as required by the Court or pursuant to discovery requests, subject to this Protective Order.

4.      This Protective Order does not apply to the use of Information to object to the settlement or that is disclosed in open court during the settlement fairness hearing held in connection with *Off* v. *Ross, et al.*, C.A. No. 3468-VCP (Del. Ch.); the use of Information disclosed in open court at the settlement fairness hearing, irrespective of whether the Information is Confidential, shall be subject to the discretion of the Delaware Chancery Court. Any Information filed with the Chancery Court in connection with *Off* v. *Ross, et al.*, shall be filed under seal.

5.    Information may be designated by any individual or entity producing it ("Designating Person") as "Confidential" within the meaning of this Protective Order. Information shall be designated "Confidential" only if the Designating Person has a reasonable, good faith belief that the Information so designated is confidential within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure and as further defined herein.

6.    Non-parties from whom discovery is sought by the parties to this Protective Order may designate Information as "Confidential" consistent with the terms of this Protective Order. Under such circumstances, Information designated "Confidential" by a non-party is assigned the same protection as Information designated "Confidential" by a party, and all duties applicable to a Designating Person that is a party shall apply to a non-party designating Information "Confidential." All obligations applicable to parties receiving such Information shall apply to any party receiving Information from such non-party.

7.    "Confidential Information", except with the prior consent of the Designating Person or upon prior order of this Court, shall not be disclosed by any party to any person other than the following:

(a)    counsel of record for the parties in this litigation and their secretaries, legal assistants, or other support personnel as reasonably necessary to assist them in this litigation (collectively "Outside Litigation Counsel") and, in the case of defendants, in-house counsel and legal assistants and other support personnel assisting in-house counsel in this litigation;

(b)    outside experts, consultants, and/or litigation support vendors who are not employees of any party and who are expressly retained to assist counsel of

record for the parties and the employees of such persons (collectively "Outside Litigation Assistants");

    (c)    the Court, Court personnel, and jurors in this litigation;

    (d)    court reporters and videographers who are retained to transcribe or videotape testimony;

    (e)    any person who wrote or received the document designated "Confidential";

    (f)    actual or potential witnesses and their counsel at a deposition or at a hearing or trial, or in preparation for their testimony;

    (g)    defendants' insurers or their counsel; and

8.    Except when Confidential Information is disclosed during a deposition or at a hearing or trial, any person entitled to receive "Confidential Information" pursuant to Paragraph 7, subparts (b) or (f), shall, prior to being given any "Confidential Information", read this Protective Order and shall execute a statement in the form annexed hereto as Exhibit A, indicating that he or she has read this Protective Order and will abide by its terms. Such sworn statements shall be retained by counsel who secured them and shall be made available for *in camera* inspection upon a showing of good cause.

9.    Any person receiving "Confidential Information" shall not disclose such Information to any person who is not entitled to receive such Information or use such Information for any purpose other than to prosecute, defend, protect or further the claims pled in this litigation.

10.    A Designating Person shall designate documents as "Confidential" by affixing a stamp with such words on the document before copies of such documents are

delivered to another party. A Designating Person shall designate electronic data as "Confidential" by affixing a stamp with such words on the medium (including, but not limited to tapes and CDs) on which the electronic data is stored before copies are delivered to another party.

11. Any deposition transcript or videotaped deposition containing "Confidential Information" shall be marked on the cover "Confidential" and shall indicate as appropriate within the transcript and on the videotape that the Information has been so designated. Any party may designate any portion(s) of the transcript (including exhibits) or videotape as containing "Confidential Information" by so advising the deposition reporter in the course of the deposition, who shall indicate in the deposition transcript and on the videotape what portion(s) of the testimony (or exhibits thereto) were so designated, or by so advising all other parties which pages are confidential within fifteen (15) days after receipt by the Designating Person of the transcript. Until fifteen (15) days have passed after the receipt of any transcript, the entire transcript and videotape shall be deemed to contain "Confidential Information". Nothing in this Protective Order shall prevent an employee of a party or Outside Litigation Counsel from attending any deposition, except that unless otherwise agreed to by the parties or ordered by a Court, only persons entitled to receive "Confidential Information" shall be present when such Information is disclosed at a deposition.

12. In the event that counsel for any party decides to file with or submit to this Court any "Confidential Information", the following procedures shall be used:

(a) All Information subject to confidential treatment in accordance with the terms of this Protective Order that is filed with the Court and any pretrial pleading, motions, or other papers filed with the Court disclosing "Confidential

5

Information" shall be filed under seal and kept under seal until further order of this Court.

(b)    The parties agree to refrain, whenever possible, from including "Confidential Information" in the titles of the documents filed with the Court so that, in all instances, the titles of the documents — and the Court's docket sheet reflecting those titles — may remain public.

(c)    All filings to be filed under seal, in whole or in part, must be so designated by the party making the filing.    Filings containing "Confidential Information" may be filed under seal in their entirety.    If a filing containing such Information is not placed under seal in its entirety, those portions containing "Confidential Information" must be separated from the pleading and placed in an envelope bearing the caption of this case, the name of the filing, and the legend "Filed Under Seal."

13.    Any Designating Person may give notice that it is eliminating a previous designation of Information as "Confidential."    In the event that a "Confidential" designation is removed, if the Information is used as an exhibit at trial or otherwise displayed to the jury, all deposition statements and all markings indicating that the Information had previously been designated "Confidential" shall be removed (or edited, in the case of a videotaped deposition) prior to offering the information into evidence or displaying same to the jury, and no mention shall be made of the previous designation.    The party requesting the elimination of the previous designation shall be responsible for eliminating that designation and shall fulfill this responsibility by providing a new, re-designated copy of the document or other Information.

14.     Nothing herein shall impose any restriction on the use or disclosure by a party of its own Information.  Nor shall this Protective Order be construed to prevent any party, its counsel, or its Outside Litigation Assistants from making use as they see fit of Information that was lawfully available to the public or lawfully in the possession of the party, its counsel, or its Outside Litigation Assistants, or that properly came into the possession of the party, its counsel, or its Outside Litigation Assistants independent of any disclosure of "Confidential Information" in this litigation, or that was obtained from a non-party in the course of this litigation and was not designated as "Confidential" by that non-party.

15.     Entry of this Protective Order shall be without prejudice to any motion for relief from or modification of the provisions hereof or to any other motion relating to the production, exchange, or use of any document or other Information in the course of this action, provided, however, that no such motion shall be made after entry of a final judgment or settlement.  If a party disagrees with a designation of Information as "Confidential" or disputes the limitations on access to be accorded such Information under this Protective Order, such party shall provide to the Designating Person written notice of its disagreement and specifically identify the Information or restriction in dispute.  If, despite good faith effort, the dispute cannot be resolved informally by the parties, the party contesting the designation or restriction on access may seek relief from the Court in accordance with the Federal Rules of Civil Procedure, the Local Rules or applicable law.  The party who designated the Information as "Confidential" shall bear the burden of demonstrating that the Information is entitled to protection from disclosure under applicable law.  Pending the Court's ruling, the party contesting the designation shall continue to treat the Information in the manner required by the Protective Order.

16.     In view of the volume of information, the forms in which it is stored, and the timing of document production in this case, it is possible that privileged information could be inadvertently included within the document production of any party.  If a party discovers that it has produced information that it considers to be in whole or in part subject to a claim of: (i) privilege (including, but not limited to, the attorney-client privilege or the joint defense privilege); or (ii) as trial-preparation material protected from disclosure by the work product doctrine; or learns of the production of such information by a non-party, the party may retrieve such information as follows:

(a)     Within ten (10) days of the date of discovery by a party of the production by it or a non-party, the party asserting that an inadvertent production has occurred must give written notice to all other parties that received the information of the claim and the basis for it.

(b)     After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the information if the party disclosed it before being notified.  The producing party must preserve the information until the claim is resolved.

(c)     In the event that only part of a document is claimed to be privileged or protected, the party asserting the privilege shall furnish to the other parties who have received the document a redacted copy of such document, removing only the part(s) thereof claimed to be privileged or protected, together with such written notice.

8

(d)    Any party who has received the protected information may, after the document in question has been returned, sequestered, or destroyed pursuant to this paragraph, and after the parties' good faith efforts fail to resolve any dispute over privilege have failed, contest the claim of privilege in accordance with the Federal Rules of Civil Procedure, the Local Rules or applicable law, by promptly presenting the information to the Court under seal for a determination of the claim.

(e)    The provisions of subparts (a) and (b) of this Paragraph are without prejudice to any other rights that a party may have with respect to challenging or defending any claim of privilege; provided, however, that no claim of waiver, estoppel, laches, or the like based on alleged delay or alleged lack of timeliness can be asserted against the party based solely on the inclusion of a document in that party's document production, if that party has complied with subpart (a) of this Paragraph.

(f)    The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Paragraph.

17.    All provisions of this Protective Order restricting the use of Information obtained during discovery shall continue to be binding after the conclusion of this action, including all appeals, until further order of the Court, unless the parties agree otherwise in writing.  Any and all originals and copies of documents or other Information deemed to be "Confidential" shall, at the request of the Designating Person, be returned to the Designating Person at the Designating Person's expense, or destroyed, within one month after a final judgment and appeals herein or settlement of this action except that outside counsel for each

9

party (whether or not counsel of record) may maintain in its files copies of each pleading and litigation document filed with the Court, and each written discovery request and written response thereto (but not Confidential documents produced in response to a request for production of documents, which documents must be returned to the Designating Person or destroyed in accordance with the procedure identified elsewhere in this Paragraph). Upon request from any party, a party who elects to destroy Confidential documents in its possession will attest to the fact that such documents have been destroyed. Nothing in this paragraph shall require any party to destroy attorney work product or attorney-client communications that contain or reflect "Confidential Information".

18.    Neither this Protective Order nor any party's designation of Information as "Confidential" shall affect the admissibility into evidence of the Information so designated.

19.    Nothing in this Protective Order is intended to constitute an agreement regarding the scope of discovery.

20.    This Protective Order is without prejudice to the right of any party, including third parties, to formally move this Court for an order seeking modification of the Protective Order at any time.

21.    Nothing in this Protective Order shall preclude any party from disclosing or using, in any manner or for any purpose, any information which is (i) publicly available, (ii) lawfully in its possession prior to being designated "Confidential Information" in this litigation, (iii) obtained from a third party having the right to disclose such information.

22.    In the event that any recipient of documents designated as "Confidential" is served with a subpoena, legal process, request or demand in another legal action concerning documents subject to this Protective Order, that person shall notify the producing party in writing

within three (3) business days of said service and shall take no action in response to the subpoena, legal process, request or demand until advised by the producing party, unless a Court orders an earlier production. The producing party shall, within five (5) business days of receiving such written notice, advise the person in writing of its position concerning the production of the document(s) subject to this Protective Order. The producing party shall assume responsibility for preserving and prosecuting any objection to the request, demand or subpoena within the deadline identified in the request, demand or subpoena. Absent a Court ruling to the contrary, the person served shall be obligated to cooperate to the extent necessary to enforce the terms of this Protective Order.

23.    Nothing in this Protective Order shall affect the use or disclosure of "Confidential Information" at trial or at hearings before this Court.

24.    This Protective Order may be executed in counterparts.

The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Protective Order.


**SCOTT + SCOTT, LLP**

Beth A. Kaswan
29 West 57th Street, 14th Floor
New York, NY 10019
Tel: 212-223-6444
Fax: 212-223-6334
bkaswan@scott-scott.com

*Counsel for Plaintiff Carfagno*

**BULL & LIFSHITZ, LLP**

Joshua M. Lifshitz
Peter D. Bull
18 East 41st Street, 11th Floor
New York, NY 10017
Tel: 212-213-6222
Fax: 212-213-9405
jml@nyclasslaw.com

*Counsel for Plaintiff Broy*


**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

Richard A. Rosen
1285 Avenue of the Americas
New York, NY 10019
Tel: 212-373-3000
Fax: 212-373-2359
rrosen@paulweiss.com

*Counsel for the Defendants (except Centerline Related Companies, Ross and Blau)*

~~REED SMITH LLP~~  FRIED FRANK HARRIS SHRIVER & JACOBSON

~~Steven Cooper~~ Brian J. Howard
~~599 Lexington Avenue~~ One New York Plaza
New York, NY ~~10022~~ 10004
Tel: ~~212-883-4955~~ 212-859-8000
Fax: 2~~12-521-5450~~ 212-859-4000
~~scooper@reedsmith.com~~ brian.howard@friedfrank.com

*Counsel for the Defendants Related Companies, Ross and Blau*

**WOLFBLOCK LLP**

Jennifer F. Beltrami
250 Park Avenue
New York, NY 10177
Tel: 212-205-6027
Fax: 212-672-1155
jbeltrami@wolfblock.com

*Counsel for Nominal Defendant Centerline Holding Company*


SO ORDERED

4/15/08

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN CARFAGNO, derivatively on behalf of CENTERLINE HOLDING COMPANY,<br><br>         Plaintiff,<br><br>    v.<br><br>MARC D. SCHNITZER, *et al.*,<br><br>         Defendants. | 08-CV-00912-SAS |
| TONY BROY, derivatively and on behalf of Nominal Defendant CENTERLINE HOLDING COMPANY,<br><br>         Plaintiff,<br><br>    v.<br><br>JEFF T. BLAU, *et al.*,<br><br>         Defendants. | 08-CV-01971-SAS |

**EXHIBIT A TO PROTECTIVE ORDER**

**ACKNOWLEDGMENT**

   I hereby attest to my understanding that confidential information or documents, materials, or information are being provided to me pursuant to the terms and conditions of the Protective Order executed by the parties and entered by the Court in the above-captioned litigation. I hereby attest that I have been given a copy of and have read the Protective Order and that I hereby agree to be bound by it and its terms. I agree that I shall not disclose to others, except in accordance with the terms of the Protective Order, such confidential documents, materials, or information. I further agree that the United States District Court for the Southern District of New York has jurisdiction to enforce the terms of the Protective Order, and I consent to jurisdiction of that Court over my person for that purpose.

13

Signature: _____

Name (type or print):
Position:
Firm:
Address:
Telephone Number:
Date: